BRANDT, Appellant, vs. THE BERLIN FARMERS' MUTUAL FEUER & BLITZ VERSICHERUNGS COMPANY, Respondent.

*November 2 — November 16, 1900.*

*Fire insurance: Property "on premises."*

At the time of the issuance of a fire insurance policy, under sec. 1931, Stats. 1898, covering hay and grain "on premises," the insured had hay and grain on the premises mentioned in his application, and had no other premises.   Afterwards, still retaining such premises and having hay and grain thereon, he rented a farm in another section, and his hay and grain on the latter were destroyed by fire. *Held,* that the policy did not cover such loss.

APPEAL from a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge.   *Affirmed.*

Defendant, a town mutual fire insurance company, on May 17, 1898, issued to plaintiff its policy, to run for five years, upon real and personal property, to wit: Dwelling house, $600; furniture and clothing, $100; surplus produce, $25; stables, $60; hay, fifteen tons, $90; grain, $50; two horses, $132,— and other articles and stock.    The policy was based upon an application in which the same items of property are set forth, and which contained the direction: "Exposures: Describe the relative situations of the buildings to be insured, and all other dangers within seventy-five feet." Also, "Make a diagram of the situation upon the other side of this sheet."   The diagram was of section 32, town 30,

range 6, divided into forty-acre parcels, upon which a stable
and house were marked as in the S. W. ¼ of the S. W. ¼.
At date of policy and thereafter plaintiff owned and resided
at the place designated on the plat, and had there articles
equivalent to the descriptions in the policy and application.
The following year he rented in addition the Burmeister
farm, situated in section 30, something more than a mile
away, and raised crops thereon, including hay and grain,
which were stored in the buildings on the rented premises,
and which on August 23, 1899, were destroyed by fire re-
sulting from lightning, to an amount exceeding the items of
hay and grain specified in the policy. The only question
raised on appeal is whether the policy covered hay and grain
so situated. The court directed a verdict for defendant,
from judgment on which plaintiff appeals.

For the appellant there was a brief by *L. Marchetti*, at-
torney, and *Mylrea & Bird*, of counsel, and oral argument
by *Mr. Marchetti* and *Mr. W. H. Mylrea.* They cited *Bow-
ers v. Pomeroy*, 21 Ohio St. 190; Anderson, Law Dict.
"PREMISES;" Black, Law Dict.; *Sawyer v. Dodge Co. M. Ins.
Co.* 37 Wis. 503; *Noyes v. N. W. Nat. Ins. Co.* 64 Wis. 415.

For the respondent there was a brief by *Bump, Kreutzer
& Rosenberry*, and oral argument by *M. B. Rosenberry.*
They cited *N. W. M. L. Ins. Co. v. Germania F. Ins. Co.* 40
Wis. 446; *Amos v. Fond du Lac*, 46 Wis. 695; Joyce, Ins.
§ 1748 *et seq.; Mead v. Phenix Ins. Co.* 158 Mass. 124; *Benton
v. Farmers' M. F. Ins. Co.* 102 Mich. 281.

DODGE, J.    Sec. 1931, Stats. 1898, prohibits town insurance
companies from insuring "any property other than detached
dwellings and their contents; farm buildings and their con-
tents; live stock in possession or running at large; farm
products on premises, and farming implements." This
statute, of course, entered into and became part of every
policy written by the respondent; and the present policy

insures, therefore, "hay on premises" and "grain on prem-
ises." At the time of the policy, appellant had hay and
grain on the premises mentioned in his application. At the
time of the loss he had hay and grain on those premises,
and also other hay and grain on other premises. It seems
too obvious for much debate that the words "on premises,"
by statute incorporated into the contract, if they have any
force at all, must have been understood and intended to
apply to the premises then in contemplation of the parties.
At that time there was no room for ambiguity, for appellant
had no other premises. The words are restrictive. But for
them, a contract to insure appellant against loss by fire to
his hay or grain would be personal, and not affected by con-
siderations as to where the property might be. *Sawyer v.
Dodge Co. M. Ins. Co.* 37 Wis. 503. Thus understood, the
contract, when written, insured hay and grain on those
premises and nowhere else. Purchase or leasing of other
premises by appellant a year afterwards could not change
the meaning of the contract already in existence, when no
such act was in contemplation of the parties at the time of
contracting. The policy meant the same thing in August,
1899, as in May, 1898, and excluded from its terms farm
produce elsewhere than on the premises in section 32. The
construction contended for by appellant would give him in-
surance against double risk at the price paid for single risk
by his fellow policy holders,— a result too unfair and un-
reasonable to permit belief that either the policy or the
statute contemplates it. The conclusion of the court below
that appellant's loss was not covered by the policy sued on
was correct.

*By the Court.*— Judgment affirmed.